IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TERRY ALBEE, individually and on behalf of all persons similarly situated,** | Case No.: |
| Plaintiff, | **Jury Trial Demanded** |
| v. | |
| **CLEVELAND INTEGRITY SERVICES, INC.,** | |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Terry Albee ("Plaintiff"), through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Collective Action Complaint ("Complaint") against Defendant Cleveland Integrity Services, Inc. ("Defendant" or "CIS") seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this District, and CIS conducts business in judicial District.

## PARTIES

3. Plaintiff Terry Albee ("Plaintiff") is a Washington resident who was employed by

1

CIS as a pipeline inspector in Kansas between approximately July 2013 and October 2013, and pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action. *See* Exhibit A.

4. Defendant Cleveland Integrity Services, Inc. ("Defendant" or "CIS") is a limited corporation providing third party inspection services for the construction and maintenance of oil and natural gas transmission, midstream and gathering lines, facility construction, meter runs and many other types of oil and gas construction throughout the United States, including this judicial District. CIS is a subsidiary of Applied-Cleveland Holdings, Inc. ("Applied-Cleveland").

5. CIS is incorporated in Oklahoma and maintains its corporate headquarters in Cleveland, Oklahoma.

6. CIS employs inspectors (such as Plaintiff) who perform a variety of inspection services on oil and gas pipelines for energy, public utility and pipeline companies. CIS' financial results are driven by the number of inspectors performing services for CIS' customers and the fees that CIS charges the customers for these services.

7. CIS charges its inspectors' services out to CIS' customers on a per project basis, including per diem charges for the inspectors, their mileage and other reimbursement items.

8. CIS employed Plaintiff and continues to employ similarly situated employees.

9. CIS employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

10. CIS' annual gross volume of business exceeds $500,000.

11. CIS is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

**CLASS DEFINITION**

12.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential FLSA opt-in litigants:

> All current or former employees of Cleveland Integrity Services, Inc. ("CIS"), who performed work in the United States at any time between June 30, 2012 and the present, and who held the job title of inspector or a similar title (the "FLSA Class").

13.     Plaintiff reserves the right to redefine the FLSA Class prior to notice or class certification, and thereafter, as necessary.

**FACTS**

14.     CIS employs members of the FLSA Class throughout the United States.

15.     Between approximately July 2013 and October 2013, Plaintiff was employed as a pipeline inspector with CIS, performing and reviewing inspections on gas pipelines.

16.     CIS employed Plaintiff to inspect welding on a pipeline in and around Kansas.

17.     Plaintiff reviewed and aided colleagues in performing routine inspections of newly-laid pipes.  Plaintiff observed other members of the FLSA Class performing the same or substantially similar job duties.

18.     Plaintiff and the FLSA Class members are all blue collar workers who are primarily engaged in manual labor duties.

19.     Plaintiff's work required the utilization of techniques and procedures obtained primarily from industry manuals, standards and codes.  *See* 29 C.F.R. § 541.203(g).  Plaintiff observed other members of the FLSA Class utilizing similar techniques and procedures in the performance of their jobs.

20.     Plaintiff worked within the closely prescribed limits provided by CIS.  *See* 29

C.F.R. § 541.203(g). Plaintiff observed other members of the FLSA Class working in the same or substantially similar manner.

21. CIS has a policy or practice of failing to compensate Plaintiff and the FLSA Class for all overtime hours worked.

22. CIS paid Plaintiff and the FLSA Class pursuant to a daily rate compensation system that did not take into account all hours worked in a workweek or overtime hours.

23. Specifically, CIS paid Plaintiff and the FLSA Class a specific set amount per each day that they worked.

24. CIS does not maintain accurate records of all hours that Plaintiff and the FLSA Class worked each workday and the total number of hours worked each workweek as required by the FLSA. *See* 29 C.F.R. § 516.2(a)(7).

25. Plaintiff routinely worked six days per week and up to seven days per week and typically more than ten hours per day. Plaintiff observed that the members of the FLSA Class routinely worked similar schedules.

26. CIS did not pay Plaintiff and the FLSA Class any overtime compensation for hours worked over forty per workweek.

27. In 2011, prior to the start of the relevant time period in this case, the United States Court of Appeals for the Tenth Circuit held that a similar compensation scheme by an oilfield services company was not only unlawful, but constituted a willful violation of the FLSA. *See Mumby v. Pure Energy Services (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011). Since *Mumby*, many oil and gas service companies have reclassified their daily rate workers to come into compliance with the FLSA. CIS, however, has not done so.

28. As a subsidiary of Applied-Cleveland Holdings, Inc., which services the oil and

4

gas industry throughout the United States, there is no question that Applied Consultants has access to human resource expertise and legal counsel who can advise Applied Consultants on its FLSA compliance obligations.

29. CIS has acted willfully and/or with reckless disregard of the applicable FLSA provisions, by failing to properly compensate Plaintiff and the FLSA Class for hours worked in excess of forty (40) during the workweek.

30. Moreover, during the entire relevant time period, CIS was aware that the FLSA Class members were not properly compensated under the FLSA, because the Class members' timesheets clearly demonstrate that they were routinely working more than 40 hours per week (based on the number of days they were working) but were not receiving overtime compensation.

31. Furthermore, CIS failed to properly track, monitor or record the actual number of hours per day that the FLSA Class members worked, as required by the FLSA. *See* 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

33. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

34. Plaintiff and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to CIS' previously described common pay practices and, as a result of such practices, were not paid the full and

legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, CIS' common compensation, timekeeping and payroll practices.

35.     Specifically, CIS paid Plaintiff and the FLSA Class a set amount of pay per day, regardless of the number of hours worked, and failed to pay overtime as required by federal law.

36.     Further, CIS misclassified Plaintiff and the FLSA Class as exempt and failed to pay overtime as required by federal law.

37.     The similarly situated employees are known to CIS, are readily identifiable, and may be located through CIS's records, as well as the records of any payroll companies that CIS utilizes.  CIS employs many FLSA Class Members throughout the United States.  These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## COUNT I
### Violation of the FLSA
### (On Behalf of the FLSA Class)

38.     All previous paragraphs are incorporated as though fully set forth herein.

39.     The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* 29 U.S.C. § 207(a)(1).

40.     The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of

6

forty (40) in the workweek.  *See* 29 C.F.R. § 778.112.

41. CIS's compensation scheme applicable to Plaintiff and the FLSA Class failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

42. Plaintiff and the FLSA Class are not exempt from the requirements of the FLSA.

43. CIS knowingly failed to compensate Plaintiff and the FLSA Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

44. During all relevant times, Plaintiff and the FLSA Class were covered employees entitled to the above-described FLSA protections.

45. In violating the FLSA, CIS acted willfully and/or with reckless disregard of clearly applicable FLSA provisions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the FLSA Class, seeks the following relief:

    A. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

    C. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

    E. Liquidated damages to the fullest extent permitted under the law;

    F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

    G. Such other and further relief as this Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: July 1, 2015

Respectfully submitted,

/s/ Eric L. Dirks
Eric L. Dirks (D. Kan. 77996)
Williams Dirks Dameron, LLC
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone:  (816) 876-2600
Facsimile:  (816) 221-8763
dirks@williamsdirks.com

Shanon J. Carson (PA 85957)*
Sarah R. Schalman-Bergen (PA 206211)*
Alexandra L. Koropey (PA 315240)*
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
Email: scarson@bm.net
sschalman-bergen@bm.net
akoropey@bm.net

*Attorneys for Plaintiff*

*Application for Admission to be Filed